Filed 3/19/13  P. v. Sotelo CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ISAAC SEBASTIAN SOTELO,<br><br>    Defendant and Appellant. | F062642<br><br>(Super. Ct. No. VCF227014A)<br><br><br>**OPINION** |

-ooOoo-

## THE COURT*

APPEAL from a judgment of the Superior Court of Tulare County.  Brett R. Alldredge, Judge.

Cheryl Anderson, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Kathleen A. McKenna and William K. Kim, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*      Before Wiseman, Acting P.J., Detjen, J. and Franson, J.

A jury convicted appellant, Isaac Sebastian Sotelo, of second degree robbery (Pen. Code, §§ 211, 212.5, subd. (c))[1] and resisting, delaying or obstructing a peace officer (§ 148, subd. (a)(1)), and in a separate proceeding, the court found true allegations that appellant had suffered a prior conviction that qualified as both a prior serious felony conviction under section 667, subdivision (a) (section 667(a)) and as a "strike,"[2] and that he had served three separate prison terms for prior felony convictions within the meaning of section 667.5, subdivision (b) (section 667.5(b)).  The court imposed a prison term of 12 years, consisting of the following:  the three-year midterm on the robbery conviction, doubled pursuant to the three strikes law (§§ 667, subd. (e)(1), 1170.12, subd. (c)(1)) for a total of six years; five years on the prior serious felony enhancement (§ 667(a)) and one year on one of the prior prison term enhancements (§ 667.5(b)).  The court neither struck, nor imposed sentence on, the other two section 667.5(b) enhancements.

Prior to trial, appellant made a so-called *Pitchess* motion (*Pitchess v. Superior Court* (1974) 11 Cal.3d 531) for discovery of personnel records of two police officers involved in appellant's arrest.  At an in camera hearing on the motion, the court, after reviewing documents produced at the hearing, ordered disclosure of some information.

Appellant has asked this court to review the sealed transcript of the in camera hearing and materials produced by the People at that hearing "to determine if the trial court followed proper *Pitchess* procedures and disclosed all relevant materials contained in the personnel records."  This is the sole issue raised by appellant.  As we explain below, we find no error in the trial court's ruling on the *Pitchess* motion.  However, as we also explain below, we have concluded the court committed sentencing error.  We vacate the sentence and remand for resentencing.

---

[1]     Except as otherwise indicated, all statutory references are to the Penal Code.

[2]     We use the term "strike" as a synonym for "prior felony conviction" within the meaning of the "three strikes" law (§§ 667, subds. (b)-(i), 1170.12), i.e., a prior felony conviction or juvenile adjudication that subjects a defendant to the increased punishment specified in the three strikes law.

## DISCUSSION

*Pitchess Motion*

The People effectively concede that review of the court's *Pitchess* motion ruling sought by appellant is proper. (*People v. Mooc* (2001) 26 Cal.4th 1216, 1229.) We have conducted an independent review of the transcript of the in camera hearing and the records produced at that hearing. The records produced, according to the attorney appearing at the hearing with the custodian of records for the Visalia Police Department, constituted "all of the records that the Visalia Police Department has concerning [the officers named in appellant's motion]." Based on our review, we have concluded there was no abuse of discretion in the court's ordered disclosure.

*Sentencing Error*

The court found true, and imposed sentence on, one prior serious felony enhancement (§ 667(a)) allegation. The court also found true three prior prison term enhancement allegations (§ 667.5(b)), one of which was based on the same conviction upon which the prior serious felony enhancement was based, i.e., appellant's 1994 conviction in Tulare County Superior Court case No. CR19480 (case No. CR19480). However, the court imposed sentence on only one of the prior prison term enhancements and did not strike either of the other two.

It is with respect to those other two prior prison term enhancements that we find the court erred. As we explain below, the court erred in: (1) failing to strike one of them, viz., the section 667.5(b) enhancement based on the same prior conviction upon which the five-year prior serious felony enhancement was based, and (2) failing to either strike or impose the other one. Each of these two enhancements requires a different analysis. Accordingly, we address them in turn. We refer to the prior prison term enhancement based on the conviction in case No. CR19480 as the CR19480 section 667.5(b) enhancement, and we refer to the other prior prison term enhancement which the court neither struck nor imposed as the remaining section 667.5(b) enhancement.

3

*CR19480 Section 667.5(b) Enhancement*

In a supplemental brief, appellant argues that the CR19480 section 667.5(b) enhancement must be stricken because it was based on the same prior conviction upon which the section 667(a) prior serious felony enhancement was based. We agree.**3**

Where a prior prison term enhancement and a prior serious felony enhancement are based on the same conviction, sentence may be imposed on only the greater of the two enhancements, i.e., the five-year section 667(a) enhancement. (*People v. Jones* (1993) 5 Cal.4th 1142, 1150 (*Jones*).) Therefore, the prior prison term enhancement based on the prior conviction in case No. CR19480 must be stricken. (*Ibid.*)

Appellant argues that the proper disposition is for this court to simply strike the CR19480 section 667.5(b) enhancement. However, in *Jones*, our Supreme Court remanded the matter to the trial court with directions to strike the prior prison term enhancement that was based on the same conviction upon which a section 667(a) enhancement was based. (*Jones, supra*, 5 Cal.4th at p. 1153). Based on *Jones*, and because, as we explain below, the matter must be remanded to allow the trial court to address the remaining section 667.5(b) enhancement, rather than simply striking the CR19480 section 667.5(b) enhancement, we will remand the matter with directions to the trial court to strike it.

*Remaining Section 667.5(b) Enhancement*

When a trial court finds a prior prison term allegation to be true, the trial court must either impose the additional one-year term or strike the allegation. (*People v. Langston* (2004) 33 Cal.4th 1237, 1241 [prior prison term enhancement is "mandatory unless stricken"]; *People v. Campbell* (1999) 76 Cal.App.4th 305, 311 ["the court must

---

**3**    We notified the parties pursuant to Government Code section 68081 that we proposed, should we otherwise affirm, to remand the matter to the trial court to allow the court to strike the two section 667.5(b) enhancements, which it neither dismissed nor imposed sentence on. Appellant responded to our invitation to submit supplemental briefing. The People did not.

either impose the prior prison enhancements or strike them"].) "The failure to impose or strike an enhancement is a legally unauthorized sentence subject to correction for the first time on appeal." (*People v. Bradley* (1998) 64 Cal.App.4th 386, 391.)

Section 1385 authorizes a trial court to strike an enhancement, in the exercise of its discretion, "in furtherance of justice." (§ 1385, subd. (a); *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, 504 [California Supreme Court has "held that the power to dismiss an action includes the lesser power to strike factual allegations relevant to sentencing"]; *People v. Bonnetta* (2009) 46 Cal.4th 143, 145 (*Bonnetta*) ["discretion ... conferred [by section 1385] on the trial courts includes the discretion to dismiss or strike an enhancement in the furtherance of justice"].) "The reasons for the dismissal must be set forth in an order entered upon the minutes." (§ 1385, subd. (a).)

It appears here the trial court intended to strike both the CR19480 section 667.5(b) enhancement and the remaining section 667.5(b) enhancement under section 1385.[4] However, the court did not state at sentencing that it was striking any enhancements, and did not comply with the requirement of section 1385 that the reasons for striking enhancements be set forth in the minutes. The court's error—the ineffective striking of the remaining section 667.5(b) enhancement—cannot be deemed harmless. (*Bonnetta*, *supra*, 46 Cal.4th at pp. 151-152.)

---

[4] At the sentencing hearing, the prosecutor argued for the imposition of a term of 18 years, including one year on each of the prior prison term enhancements. In imposing sentence the court noted, "I have the discretion to sentence [appellant] independently for an additional year to [*sic*] all of the prior prison enhancements. And whether we get to [the sentence urged by the prosecutor], I believe that given some notion of proportionality, the crime that was committed[,] Mr. Sotelo's background, and, again, the time between his previous strike [that] such a sentence would be too harsh, and I am not prepared to do that." The court made no other mention of the prior prison term enhancements, except to say, in sentencing appellant, that the 12-year term imposed included "an additional and consecutive one year pursuant to Penal Code section 667.5(b) ...."

The question that remains is: Can we carry out the trial court's apparent intention by simply striking the remaining section 667.5(b) enhancement, or by directing the trial court to do so? *Bonnetta*, *supra*, 46 Cal.4th 14 provides the answer. As we now explain, under *Bonnetta,* we must remand the matter to allow the trial court to either strike the remaining section 667.5(b) enhancement in the exercise of its discretion under section 1385, or impose it.

In *Bonnetta*, the trial court, in sentencing the defendant, struck several enhancements and stated its reasons for doing so. (*Bonnetta, supra,* 46 Cal.4th at p. 148.) The trial court's decision was reduced to an order entered upon the minutes, but the written order did not set forth any of the court's reasons for striking the enhancements. (*Ibid.*) Our Supreme Court held the striking of the enhancements was ineffective, because of the absence of compliance with the requirement of section 1385 that the reasons for the dismissal be set forth in the court's minutes. The high court ordered remand to the trial court, refusing to "adopt[] ... a new rule allowing a reviewing court to examine the transcripts of the oral proceedings for a trial court's reasons for its decision to dismiss, so that a court's failure to comply with the letter of Penal Code section 1385 might be deemed harmless error ...." (*Bonnetta, supra,* at p. 150.) The court stated: "Having concluded Penal Code section 1385 states a mandatory requirement, we have no reason to consider whether a violation of its provisions might be deemed harmless. Nonetheless, ... we find it useful again to note that the purpose of the requirement is to allow review of the trial court's reasons for ordering dismissal. '[W]e are dealing not with a pure question of law but with the exercise of a trial court's discretion. It would be incongruous for an appellate court, reviewing such order, to rely on reasons not cited by the trial court. Otherwise, we might uphold a discretionary order on grounds never considered by, or, worse yet, rejected by the trial court. And, if the appellate court is free to scour the record for other reasons to support the dismissal, or accept reasons suggested

6

by the defendant, there was no reason for the Legislature to require that the lower court record the basis for the dismissal in the first instance.'" (*Id*. at pp. 151-152.)

Further, the court stated: "[A]s the trial court's order of dismissal is ineffective, the matter must be remanded at least for the purpose of allowing the trial court to correct the defect by setting forth its reasons in a written order entered upon the minutes. Alternatively, on remand the trial court may, but need not, revisit its earlier decision, as on reflection it might determine its reasoning was flawed or incomplete. Judicial economy is furthered by allowing the trial court to correct what, upon reconsideration and reflection, it perceives to have been an unwarranted dismissal, or to consider if a dismissal should be ordered for some new or different reason. In such cases, the court must also have the power to take action such as reconvening the sentencing hearing or allowing a defendant to withdraw a plea entered on the understanding a count or an enhancement would be dismissed." (*Bonnetta*, *supra*, 46 Cal.4th at p. 153.)

The reasoning of *Bonnetta* applies here. Under *Bonnetta*, notwithstanding the trial court's apparent intention to strike the remaining section 667.5(b) enhancement, we may not carry out that intention by striking this enhancement or directing the trial court to do so. Rather, we must remand the matter to the trial court with directions that the trial court either impose sentence on the remaining section 667.5(b) enhancement or strike it in the exercise of its discretion under, and in compliance with, section 1385.

## DISPOSITION

The sentence is vacated and the matter is remanded for resentencing. On resentencing, the trial court is directed to strike the prior prison term enhancement based on appellant's conviction in Tulare County Superior Court case No. CR19480. The trial court is further directed to either strike or impose sentence on the other prior prison term enhancement on which the court did not impose sentence at the initial sentencing. If at resentencing the trial court strikes this latter enhancement, the court shall do so in compliance with Penal Code section 1385. In all other respects the judgment is affirmed.

7